UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

LOUISE CLARK,

                Plaintiff,

       -against-

MELVIN CHILDS, OCCC VISUAL AND
PERFORMING ARTS THEATRE, OLYMPIA
ENTERTAINMENT, and "JOHN DOE
ENTITIES" 1-10 and "JOHN DOES" 1-10,

                Defendants.
-------------------------------------------------------------------x

**MEMORANDUM OF
DECISION AND ORDER**
17-CV-4895 (LDH) (SJB)

L<span style="font-variant:small-caps">a</span>SHANN D<span style="font-variant:small-caps">e</span>ARCY HALL, United States District Judge:

      Plaintiff Louise Clark brings this action against Defendants Melvin Childs, OCCC Visual and Performing Arts Theatre, Olympia Entertainment, "John Doe Entities" 1-10, and "John Does" 1-10, alleging copyright infringement, in addition to violations of the Lanham Act and various state laws. (*See* Compl., ECF No. 1.) On August 28, 2017, Plaintiff moved for a preliminary injunction to enjoin Defendants from, among other things, producing and reproducing infringing work based on Plaintiff's books, *Thugs and the Women Who Love Them* and *Every Thug Needs a Lady*. (*See* Pl.'s Mem. Supp. Prelim. Inj., ECF No. 12-1.) By order dated August 30, 2017, the Court set a hearing on Plaintiff's motion for September 22, 2017. (*See* Aug. 30, 2017 Sched. Order.) At the request of Defendants, the Court rescheduled the hearing for September 21, 2017. (*See* Sept. 13, 2017 Order.) The Court subsequently adjourned the hearing to October 4, 2017. (*See* Sept. 20, 2017 Order.) Plaintiff objected, requesting that the Court reset the hearing for September 21, 2017, or any date and time prior to September 22, 2017. (*See* Pl.'s Mot. Adjourn Conf., ECF No. 27.) On September 20, 2017, Plaintiff moved for

a Temporary Restraining Order ("TRO") based upon Defendants' alleged copyright infringement and violations of the Lanham Act. (*See* Pl.'s Mot. TRO, ECF No. 28.) The Court hereby denies Plaintiff's motion to reschedule the hearing and adjourns the October 4, 2017 hearing *sine die*.

"[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 402 F.2d 789, 790 (2d Cir. 1968). In other words, evidentiary hearings on motions for temporary restraining orders and preliminary injunctions are not required. For the reasons described below, both of Plaintiff's motions for injunctive relief are DENIED.

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). To obtain a preliminary injunction, a moving party must meet four requirements: (1) likelihood of success on the merits; (2) likelihood that the moving party will suffer irreparable harm if a preliminary injunction is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by relief. *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citing *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

A showing of irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). This element

is so critical to the Court's inquiry that the Court need not reach any of the other requirements necessary for the grant of injunctive relief where irreparable harm has not been demonstrated. *See Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citation omitted) ("[T]he moving party must first demonstrate [irreparable harm] before the other requirements for the issuance of an injunction will be considered."). Such is the case here.

"To satisfy the irreparable harm requirement, [plaintiffs] must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Id.* (internal quotation marks and citation omitted). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005).

As to Plaintiff's copyright infringement claim, Plaintiff has failed to show that she would suffer irreparable harm in the absence of injunctive relief. In her motion for a preliminary injunction, Plaintiff argues principally that irreparable harm is presumed in cases of copyright. (*See* Pl.'s Mem. Supp. Prelim. Inj. 14.) In the face of the Second Circuit's decision in *Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010), Plaintiff's argument is simply untenable. As Defendants ably note, the *Salinger* court instructed that "[t]he court must not adopt a 'categorical' or 'general' rule or presume that the plaintiff will suffer irreparable harm . . . . Instead, the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the 'remedies available at law, such as monetary damages, are inadequate to compensate for that

3

injury.'" 607 F.3d at 80 (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 393-94 (2006)).

Alternatively, Plaintiff maintains that even absent a presumption she "amply demonstrated that irreparable harm already has occurred and . . . will continue to flow" absent an injunction. (Pl.'s Mem. Supp. Prelim. Inj. 15.) The Court finds this contention incredible in light of Plaintiff's abject failure to adduce any evidence of harm whatsoever. Indeed, the only purported evidence that Plaintiff has proffered in support of her argument for irreparable harm is a single, unsupported assertion contained in her affidavit. Therein, Plaintiff maintains that she has been "in discussions with several producing partners to produce stage plays based on [her] books and many will not be willing to help bring [her] books to the stage" if Defendants are not enjoined. (Pl.'s Mot. TRO Ex D, at ¶ 9.) Notably absent from Plaintiff's submissions is an affidavit from any one of these "several producing partners" supporting this claim. Furthermore, Plaintiff's affidavit is silent as to the host of other purported harms raised by counsel in her motions, i.e., loss of readers and audience members, reputational damage, and the undermining of licensing activities. (*See* Pl.'s Mem. Supp. Prelim. Inj. 14-16; Pl.'s Mot. TRO 6-8.) Attorney argument is not evidence. At bottom, Plaintiff's motion is utterly devoid of evidence supporting her claim of irreparable harm.

Even if the Court were to credit Plaintiff's unsupported contentions, they are nevertheless insufficient to support the grant of injunctive relief. That is, the Court is at a loss as to how Plaintiff's purported harms could not be remedied through money damages, which is the preferred remedy in copyright cases. *See New Era Publications Int'l, ApS v. Henry Holt & Co.*, 873 F.2d 576, 597 (2d Cir. 1989) ("To be actionable, invasions of the copyright must effect economic harm and . . . an award of damages should be preferred to the injunctive remedy.");

*Dow Jones & Co. v. Bd. of Trade of City of Chicago*, 546 F. Supp. 113, 122 (S.D.N.Y. 1982) ("None of the harm speculated by [plaintiff], whether lost potential licensing . . . or impaired reputation, derives from the copyright infringement alleged. If any damage has been wrought by [defendant's] copying, and if that copying constitutes infringement, money damages, either actual or statutory, will adequately compensate [plaintiff].")[1]

Because Plaintiff has not made the necessary showing of irreparable harm, the Court declines to address the parties' arguments concerning the likelihood of success on the merits of Plaintiff's copyright claim. The Court therefore reserves any findings as to the merits for dispositive motions, if any.

Finally, the Court summarily denies Plaintiff's motion for a TRO to the extent that it is based on Defendants' alleged violations of the Lanham Act. Without doubt, Plaintiff is using the Lanham Act as an impermissible safeguard against a potential failure of her copyright claim. This kitchen-sink approach to litigation is of no help to Plaintiff in this case. As noted in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003), the Lanham Act protects only "the producer of the tangible goods that are offered for sale, and not . . . the author of any idea, concept, or communication embodied in those goods." 539 U.S. at 37. Plaintiff is not a "producer of tangible goods," and therefore cannot assert a cognizable claim under the Lanham Act. *See Fioranelli v. CBS Broad. Inc.*, 232 F. Supp. 3d 531, 539-41 (S.D.N.Y. 2017) (applying *Dastar*'s holding to dismiss the plaintiff's Lanham Act claim related to copyrighted material).[2]

---

[1] In Plaintiff's reply submission in support of her motion for a preliminary injunction, she raises for the first time that irreparable harm will result because Defendant Childs is purportedly or potentially insolvent. (*See* Pl.'s Reply Mem. Supp. Prelim. Inj. 8-9.) Arguments raised for the first time on reply cannot be properly considered by the Court, and, as such, have been disregarded here. *See Brown v. Ionescu*, 380 F. App'x 71, 72 n.1 (2d Cir. 2010) (declining to consider argument raised for the first time in reply brief).

[2] Even if the Court found that Plaintiff could assert a cognizable claim under the Lanham Act, the Court would nevertheless deny her motion for a TRO, as here, too, she fails to show irreparable harm. Plaintiff's claims of a likelihood of confusion between Plaintiff's works and the alleged infringing work are wholly unsupported. There is literally no evidence in the record on this point.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reschedule the October 4, 2017 hearing is DENIED. The October 4, 2017 hearing is ADJOURNED sine die. Plaintiff's motions for a preliminary injunction and for a TRO are both DENIED.

Dated: Brooklyn, New York
       September 22, 2017　　　　　　　　　　SO ORDERED:

　　　　　　　　　　　　　　　　　　　　　　　/s/LDH

　　　　　　　　　　　　　　　　　　　　L<small>A</small>SHANN D<small>E</small>ARCY HALL
　　　　　　　　　　　　　　　　　　　　United States District Judge